Wyvetta Harris, as Executrix of Kalman Musin, Deceased, Respondent, *v.* United Air Lines, Inc., Appellant.

Raymond A. Rarey, as Administrator of the Estate of Donna R. Miller, Deceased, Respondent, *v.* United Air Lines, Inc., Appellant.

First Department, April 30, 1968.

*William J. Junkerman* of counsel (*Carroll E. Dubuc* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for appellant.

*Edward M. O'Brien* of counsel (*Speiser, Shumate, Geoghan & Krause,* attorneys), for respondents.

Stevens, J. These are separate appeals from separate orders entered November 27, 1967 which denied the motion of defendant United Air Lines, Inc. (United) for an order dismissing the complaint or, alternatively, for summary judgment dismissing all claims on behalf of each plaintiff in excess of $30,000.

As in appeals in *Thomas* v. *United Air Lines* (30 A D 2d 32) and *Zabor* v. *United Air Lines* (30 A D 2d 32) these causes of action for wrongful death arose out of an accident which occurred August 16, 1965 when an aircraft owned by United crashed into Lake Michigan within the territorial boundaries of the State of Illinois. In each case plaintiff's decedent, a nonresident of the State of New York, was a passenger in the aircraft. In our view, for the reasons stated in those appeals published simultaneously herewith, the motion in each case should have been granted to the extent of granting partial summary judgment to United dismissing all claims on behalf of each plaintiff in excess of $30,000. The limitation imposed by the Illinois Wrongful Death Statute, in effect at the time of the accident, is here applicable. No final judgment has been entered

in either of these cases. Accordingly, neither *res judicata* nor collateral estoppel bars plaintiffs from litigation of the issue.

For the reasons stated the orders appealed from should be reversed on the law and the motions for partial summary judgment granted to the extent indicated, with costs and disbursements in each case to appellant.

BOTEIN, P. J., STEUER, CAPOZZOLI and McNALLY, JJ., concur.

Orders entered on November 27, 1967, unanimously reversed on the law, with $50 costs and disbursements to appellant in each appeal, and defendant-appellant's motions granted to the extent of granting partial summary judgment to defendant-appellant dismissing all claims on behalf of each plaintiff in excess of $30,000.